IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SANDRA CRENSHAW, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:13-cv-3432-BF |
| | § | |
| CHRIS SLAUGHTER, MICHELLE | § | |
| MEADOWS, and PATRICIA ROSE, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Sandra Crenshaw failed to comply with Court orders to file an amended complaint and to appear at a show cause hearing on June 26, 2014. As a result, this action is dismissed with prejudice.

### Background

Plaintiff Sandra Crenshaw, proceeding *pro se*, filed the instant lawsuit on August 26, 2013. Her original complaint appeared to relate to her attempt to organize an event commemorating the fiftieth anniversary of Dr. Martin Luther King, Jr.'s "I Have a Dream" speech. The Court sent Plaintiff a Magistrate Judge's Questionnaire seeking additional information regarding her claims. The Order stated that failure to return the Questionnaire within thirty days could result in a recommendation that this case be dismissed. When Plaintiff failed to return the Questionnaire in the time allowed, the Magistrate Judge recommended that Plaintiff's claims be dismissed for want of prosecution pursuant to Fed. R. Civ. P. 41(b). *See* Findings, Conclusions, and Recommendation (Doc. 9) dated 4/15/2014, at 1-2. More than two weeks later, Plaintiff filed a motion to extend the time for filing an amended complaint. Plaintiff explained that she "lost filings in route on bus to

Courthouse." In view of Plaintiff's representations, the District Court declined to adopt the Magistrate Judge's recommendation to dismiss the case.

On December 13, 2013, Defendants filed a Motion for More Definite Statement, in which they argued that Plaintiff's pleadings are so ambiguous that they cannot determine the legal basis for her claims or determine whether the Court has jurisdiction over the matters presented. Defendants further asserted that they could not reasonably prepare a response to Plaintiff's amended complaint because they could not determine what rights or laws were allegedly violated or how they could be liable in their individual capacities. The District Court granted Defendants' motion and ordered Plaintiff to file an amended complaint that more particularly sets forth the causes of action upon which her lawsuit is based. *See* Order (Doc. 24) dated 12/30/2013. The Court warned Plaintiff that her claims against the Defendants would be dismissed if she did not file her amended complaint by the deadline established in the order. *See id.* Plaintiff did not file an amended complaint within the time provided by the District Court, and, to date, she still has not filed an amended complaint.

On February 11, 2014, Defendants filed a motion to dismiss this case for failure to prosecute, which the District Court referred to the Magistrate Judge for a recommendation. Plaintiff failed to file a written response to the motion. The Magistrate Judge found that Plaintiff's live pleading is unclear and confusing and that Defendants cannot reasonably prepare a response in the absence of more definite allegations regarding the causes of action upon which her lawsuit is based. *See* Findings, Conclusions, and Recommendation (Doc. 34) dated 4/15/2014, at 3. The Court further found that the inability to proceed with this litigation is directly attributable to Plaintiff's failure comply with the District Court's order to file an amended complaint and recommended dismissing Plaintiff's claims for want of prosecution pursuant to Fed. R. Civ. P. 41(b). *Id.* Plaintiff did not file

any objections to the recommendation. However, Plaintiff did participate in a Rule 26(f) telephone conference with opposing counsel and signed a Joint Scheduling Proposal in which the parties consented to allow the Magistrate Judge to conduct all further proceedings and the entry of judgment in this case, in accordance with 28 U.S.C. § 636(c). The District Court interpreted the parties' consent as evidence of Plaintiff's intent to prosecute this case and declined to adopt the recommendation to dismiss this case. The District Court then transferred this case to the Magistrate Judge.

Following the transfer, this Court scheduled a hearing on June 26, 2014 and ordered Plaintiff to appear *in person* and show cause why she should not be sanctioned for failing to comply with the District Court's order to file an amended complaint. *See* Order (Doc. 37) dated 5/29/14 at 2. The Court warned Plaintiff that her failure to comply with the Show Cause Order could result in a dismissal of this case for failure to prosecute. *Id.* (citing *See* Fed. R. Civ. P. 41(b) *and Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998)). At 5:51 a.m. on June 26, 2014, Plaintiff sent an email to defense counsel seeking an agreed continuance. Plaintiff explained that she had been working in her garden and hurt her back and "couldn't sleep all night in excruciating pain." However, Plaintiff did not communicate this information directly to the Court and failed to appear at the hearing.[1]

---

[1] Plaintiff cc'd her email to ecf_txnd@txnd.uscourts.gov and Courtmail@txnd.uscourts.gov. Plaintiff apparently took these addresses from the Notice of Electronic Filing ("NEF") that accompanied the Show Cause Order. However, the NEF advised that these addresses are not effective for communicating with the Court. The NEF specifically states:

> This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.

Even if the CM/ECF system mail box was attended, the recipient would not have been able to forward Plaintiff's message to the Court because Plaintiff did not include the case name or cause number anywhere in her email.

**Legal Standards and Analysis**

A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order. FED. R. CIV. P. 41(b); *see also Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone lns. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.* at 880; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). In addition, Rule 16(f) of the Federal Rules of Civil Procedure provides, in pertinent part:

> On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:
>
> (A) fails to appear at a scheduling or other pretrial conference; [or]
>
> * * * *
>
> (C) fails to obey a scheduling or other pretrial order.

FED. R. CIV. P. 16(f)(1).

The record in this case documents a clear history of delay and contumacious conduct by Plaintiff. The case has been pending for almost one year and is still in its nascent stages. The failure to progress is entirely attributable to Plaintiff. Indeed, the case cannot proceed unless Plaintiff files an amended complaint that more particularly sets forth the causes of action upon which her claims are based. Plaintiff has ignored several opportunities to file a more definite statement of her claims

4

and has stubbornly refused to provide any substantive response to Defendants' objections regarding her complaint. She also has failed to comply with direct orders from the District Court to file an amended complaint despite several clear warnings that her failure to do so would result in the dismissal of her claims. Plaintiff further did not respond to a show cause order and failed to appear at a show cause hearing on June 26, 2014. The Court warned Plaintiff that her failure to comply with the Show Cause Order could result in the dismissal of this case. Yet, Plaintiff did not contact the Court regarding her absence. Under these circumstances, extreme sanctions are warranted. *See, e.g. Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986) (dismissal warranted where plaintiff failed to attend pretrial conference after judge warned that he had "one last opportunity" to comply with court's orders); *Petito v. Brewster*, No. 3:08-CV-0006-L, 2008 WL 906065 at *4 (N.D. Tex. Mar. 31, 2008), *aff'd*, 562 F.3d 761 (5th Cir. Mar. 17, 2009) (pleadings stricken and case dismissed with prejudice where plaintiff failed to appear at two hearings without justification or excuse).

The Court has considered alternate sanctions. However, lesser sanctions would not serve the interests of justice or advance the disposition of this case on the merits. Where a plaintiff refuses to obey lawful orders without justification or excuse, dismissal with prejudice is warranted. *Abuya v. Verizon Select Servs., Inc.*, No. 3:08-CV-2268-G, 2010 WL 3583258 (N.D. Tex. Sep. 9, 2010) (dismissal with prejudice warranted where *pro se* plaintiff repeatedly failed to comply with court orders and did not appear at a show cause hearing).

## CONCLUSION

Plaintiff failed – without justification or excuse – to comply with Court orders requiring her to file an amended complaint and appear at a show cause hearing on June 26, 2014. Accordingly, this case is DISMISSED with prejudice. *See* FED. R. CIV. P. 16(f)(1) & 37(b)(2)(A) (iii) & (v).

SO ORDERED, June 26, 2014.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE